IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CENTENNIAL BANK,**

    Plaintiff,

vs.                                            CASE NO. _____

**ULOFTS LUBBOCK, LLC**
**f/k/a UNIVERSITY LOFTS LUBBOCK, LLC;**
**STEVEN M. LEONI;**
**DEAN MINARDI;**
**JAMES RUDNICK; and**
**PETER ROSEN,**

    **Defendants.**

## COMPLAINT

Plaintiff, CENTENNIAL BANK, an Arkansas banking corporation, successor in interest to Wakulla Bank by asset acquisition from the Federal Deposit Insurance Corporation ("FDIC") as receiver for Wakulla Bank, by and through its undersigned attorneys, sues Defendants, ULOFTS LUBBOCK, LLC f/k/a UNIVERSITY LOFTS LUBBOCK, LLC; STEVEN M. LEONI; DEAN MINARDI; JAMES RUDNICK; and PETER ROSEN, and alleges:

### Nature of Complaint

1. Plaintiff files this complaint for damages resulting from the breach of certain promissory notes and related guaranties, in which the amount at issue exceeds the jurisdictional limits of this Court.

## Jurisdiction and Venue

2. Plaintiff, Centennial Bank ("Centennial"), is an Arkansas banking corporation, incorporated under the laws of the state of Arkansas with it principal place of business in Arkansas.

3. Defendant, Ulofts Lubbock, LLC ("Ulofts"), is a Florida limited liability company formed under the laws of the state of Florida with its principal place of business in Florida. Its members are Steven M. Leoni, a citizen of Florida, James Rudnick, a citizen of Florida, Dean Minardi, a citizen of Florida, and Peter Rosen, a citizen of Florida.

4. Defendant, Steven M. Leoni ("S. Leoni") is a citizen of Florida.

5. Defendant, James Rudnick ("Rudnick"), is a citizen of Florida.

6. Defendant, Dean Minardi ("Minardi") is a citizen of Florida.

7. Defendant, Peter Rosen ("Rosen"), is a citizen of Florida.

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a) because the aggregate amount in controversy exceeds $75,000.00 exclusive of interest and costs, and there is complete diversity of citizenship because the plaintiff is an Arkansas citizen and all of the defendants are Florida citizens.

9. Venue is proper in the Northern District of Florida pursuant to 28 U.S.C. §1391(b)(1) because each defendant resides in and/or does business in the state of Florida. Defendants reside in said district and Uloft's principal place of business is in said district. Venue is similarly proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in said district. Venue is proper in the Tallahassee Division under Northern District of Florida Local Rule 3.1(A)(1) because both venue standards are fully applicable to Leon County.

## General Allegations

### Loan Number xxxxxx1870

10. On April 6, 2012, Ulfots executed and delivered to Centennial Bank a Renewal Promissory Note in the initial principal amount of $1,332,440.02, having a maturity date of January 31, 2015. A copy of the promissory note is attached hereto as **Exhibit 1**.

11. On that same date, Defendant, S. Leoni executed and delivered to Centennial Bank a Continuing Guaranty guaranteeing payment of all amounts due under **Exhibit 1**. A copy of the Guaranty is attached hereto as **Exhibit 2.**

12. On that same date, Defendant, P. Rosen executed and delivered to Centennial Bank a Continuing Guaranty guaranteeing payment of all amounts due under **Exhibit 1**. A copy of the Guaranty is attached hereto as **Exhibit 3.**

13. On that same date, Defendant, J. Rudnick executed and delivered to Centennial Bank a Continuing Guaranty guaranteeing payment of all amounts due under **Exhibit 1**. A copy of the Guaranty is attached hereto as **Exhibit 4.**

14. On or about November 28, 2009, Defendant, D. Minardi executed and delivered to Wakulla Bank a Guaranty guaranteeing payment of all amounts due under **Exhibit 1** by virtue of his agreement to guaranty the payment and performance of Loan Number xxxxxx1870 and any extension, renewals or replacements thereof. A copy of the Guaranty is attached hereto as **Exhibit 5.**

15. Plaintiff owns and holds **Exhibits 1 through 5.**

16. Ulofts defaulted by failing to make the payment due on December 6, 2013 and all subsequent payments. As a result of said default, Plaintiff has accelerated the balance due under **Exhibit 1**.

Loan Number xxxxxx1871

17. On November 6, 2007, Ulofts executed and delivered to Wakulla Bank a Promissory Note in the initial principal amount of $1,000,000.00. It was payable on demand. A copy of the Note is attached hereto as **Exhibit 6.**

18. On that same date, Defendant, S. Leoni executed and delivered to Wakulla Bank a Guaranty guaranteeing payment of all amounts due under **Exhibit 6**. A copy of the Guaranty is attached hereto as **Exhibit 7.**

19. On that same date, Defendant, P. Rosen executed and delivered to Wakulla Bank a Guaranty guaranteeing payment of all amounts due under **Exhibit 6**. A copy of the Guaranty is attached hereto as **Exhibit 8.**

20. On that same date, Defendant, J. Rudnick executed and delivered to Wakulla Bank a Guaranty guaranteeing payment of all amounts due under **Exhibit 6**. A copy of the Guaranty is attached hereto as **Exhibit 9.**

21. On that same date, Defendant, D. Mindardi executed and delivered to Wakulla Bank a Guaranty guaranteeing payment of all amounts due under **Exhibit 6**. A copy of the Guaranty is attached hereto as **Exhibit 10.**

22. On December 12, 2011, Ulofts executed and delivered to Centennial Bank a Change in Terms Agreement in the initial principal amount of $65,000.00, having a maturity date of June 11, 2015. A copy of the change in terms is attached hereto as **Exhibit 11**.

23. Plaintiff owns and holds **Exhibits 6 through 11.**

24. Ulofts defaulted by failing to make the payment due on December 11, 2013 and all subsequent payments. As a result of said default, Plaintiff has accelerated the balance due under **Exhibit 11**.

## COUNT I – BREACH OF PROMISSORY NOTE

25. This is an action against Ulofts in which the damages claimed are in excess of $75,000.00.

26. Plaintiff realleges paragraphs 1 through 24 above and incorporates them herein by reference.

27. As of January 28, 2014, Ulofts owes Plaintiff $1,403,715.17 that is due on principal, plus interest in the amount of $8,129.40, late fees in the amount of $345.53, plus any additional amounts advanced pursuant to the terms of **Exhibit 1**.

28. As of January 28, 2014, Ulofts owes Plaintiff $31,706.60 that is due on principal, plus interest in the amount of $137.40, late fees in the amount of $166.26, plus any additional amounts advanced pursuant to the terms of **Exhibit 11**.

29. As a result of the aforementioned breach, Plaintiff has been damaged.

30. All conditions precedent to the commencement of this action have occurred and/or otherwise been waived by Defendant, Ulofts.

31. Plaintiff has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter. Defendant, Ulofts, is liable to Plaintiff for the payment of reasonable attorneys' fees pursuant to the terms and conditions in the **Exhibits 1 and 11** attached hereto.

WHEREFORE, Plaintiff, Centennial Bank, demands judgment against Ulofts Lubbock, LLC, for damages, pre-judgment interest, attorneys' fees, the costs of this action, and any such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF GUARANTY

32. This is an action against Steven Leoni, Peter Rosen, James Rudnick and Dean Minardi in which the damages claimed are in excess of $75,000.00.

33. Plaintiff realleges paragraphs 1 through 16 above and incorporates them herein by reference.

34. Pursuant to the terms of **Exhibits 2, 3, 4 and 5, respectively,** Defendants, S. Leoni, Rosen, Rudnick and Minardi are obligated to Plaintiff for all of the amounts owed by Ulofts under **Exhibit 1**, and a reasonable attorney's fee and costs. As a result, Plaintiff is entitled to a judgment against S. Leoni, Rosen, Rudnick and Minardi for all damages incurred as a result of Uloft's breach.

35. As of January 28, 2014, S. Leoni, Rosen, Rudnick and Minardi, jointly and severally, owe Plaintiff $1,403,715.17 that is due on principal, plus interest in the amount of $8,129.40, late fees in the amount of $345.53, plus any additional amounts advanced pursuant to the terms of **Exhibit 1**.

36. Pursuant to the terms of **Exhibits 7, 8, 9 and 10, respectively,** Defendants, S. Leoni, Rosen, Rudnick and Minardi are obligated to Plaintiff for all of the amounts owed by Ulofts under **Exhibit 11**, and a reasonable attorney's fee and costs. As a result, Plaintiff is entitled to a judgment against S. Leoni, Rosen, Rudnick and Minardi for all damages incurred as a result of Uloft's breach.

37. As of January 28, 2014, S. Leoni, Rosen, Rudnick and Minardi, jointly and severally, owe Plaintiff $31,706.60 that is due on principal, plus interest in the amount of $137.40, late fees in the amount of $166.26, plus any additional amounts advanced pursuant to the terms of **Exhibit 11**.

38. As a result of the aforementioned breach, Plaintiff has been damaged.

39. All conditions precedent to the commencement of this action have occurred and/or otherwise been waived by Defendants, S. Leoni, Rosen, Rudnick and Minardi.

40. Plaintiff has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter. Defendant, S. Leoni, Rosen, Rudnick and Minardi are liable to Plaintiff for the payment of reasonable attorneys' fees pursuant to the terms and conditions in the **Exhibits 2, 3, 4, 5, 7, 8, 9 and 10** attached hereto.

WHEREFORE, Plaintiff, Centennial Bank, demands judgment against Steven M. Leoni, Peter Rosen, James Rudnick and Dean Minardi, jointly and severally, for damages, pre-judgment interest, attorneys' fees, the costs of this action, and any such other and further relief as the Court deems just and proper.

Respectfully submitted this 26 day of February 2014.

/s/ Megan F. Fry_____
**MEGAN F. FRY**
Fla. Bar No. 0058608
CLARK, PARTINGTON, HART, LARRY,
 BOND & STACKHOUSE
P. O. Box 13010
Pensacola, FL   32591-3010
Tel:    850-434-9200
Fax:   850-432-7340
mfry@cphlaw.com